UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JUAN RUBIO,
Institutional ID No. 01863058,

              Plaintiff,

v.                                                  No. 1:22-CV-00127-H

ROBERT NORTON, *et al.*,

              Defendants.

**ORDER ACCEPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

      The United States Magistrate Judge made findings, conclusions, and a recommendation that this case be dismissed with prejudice as frivolous and for failure to state claim under 28 U.S.C. §§ 1915 and 1915A. Plaintiff filed objections.

      "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error. The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error and, finding none, expressly accepts and adopts those portions of the Magistrate Judge's findings, conclusions, and recommendation.

      Additionally, in light of Plaintiff's specific objections, the Court has conducted a de novo review of the relevant portions of the FCR and the record in this case. Many of Plaintiff's objections are either restatements of arguments made in his complaint and questionnaire responses, arguments thoroughly addressed by the FCR, mere disagreements with the Magistrate Judge's wording, or conclusory statements insisting that his claims have

merit. Thus, the Court overrules Plaintiff's objections, and accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

Additionally, the Court notes that Plaintiff requested leave to amend his complaint to cure the deficiencies identified in the FCR, despite the Magistrate Judge's recommendation that leave to amend should be denied as futile. *Id.* at 4–5. He argues that he has not been given the opportunity to correct the deficiencies in his complaint, and that the questionnaires served only to assist the Court in preliminary screening. *Id.* at 5.

Given the procedural posture of this case, Plaintiff may only amend or supplement his pleading if the Court grants him leave to do so. *See* Fed. R. Civ. P. 15(a). Rule 15(a)(2) requires a trial court to "freely give leave when justice so requires." Plaintiff is not automatically entitled to amend his complaint, however, and decisions concerning motions to amend are left to the sound discretion of the Court. *See Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998). To aid the exercise of that discretion, Courts in the Fifth Circuit consider five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

Here, Plaintiff has had at least four chances to hone his factual allegations. He filed his original complaint, Dkt. No. 1, responses to the Magistrate Judge's two questionnaires, Dkt. Nos. 11, 22, and detailed objections to the FCR, Dkt. No. 29. The Court finds that Plaintiff has been given ample opportunity to plead his best case. Permitting further amendment now would cause unnecessary delay. Plaintiff has not cured the deficiencies in his complaint after repeated opportunities to do so, and further leave to amend would be

futile. Thus, Plaintiff's request to further amend his complaint is denied.

The Court therefore orders:

1. Plaintiff's complaint is dismissed with prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

3. This dismissal will count as a qualifying dismissal, or "strike," under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). *See Lomax v. Ortiz-Marquez*, 590 U.S.___, 140 S. Ct. 1721 (2020). Plaintiff is cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

4. All relief not expressly granted is denied, and any pending motions are denied.

5. Plaintiff is advised that if he appeals this order, he will be required to pay the appeal fee of $605.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month certificate of inmate trust account at the same time he files his notice of appeal.

Judgment will be entered accordingly.

So ordered on April 30, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

3